## Commonwealth v. Murphy

Philip H. Johnston, for Commonwealth.

John G. Love, for defendant.

FLEMING, P. J., April 25, 1935.—The defendant was indicted under the provisions of the Criminal Code of March 31, 1860, P. L. 382, sec. 55, as amended by the Act of March 26, 1923, P. L. 32, sec. 1, and the Act of April 7, 1925, P. L. 185, sec. 1, for setting up and establishing gambling devices. At the close of Commonwealth's testimony, the defendant demurred to the evidence, in which demurrer the Commonwealth joined, the jury was discharged and the defendant was adjudged guilty. The case is now before us upon defendant's motion in arrest of judgment.

The defendant contends that, under the indictment, the Commonwealth was required to prove that the defendant operated a gambling house, and that to cover the mere possession of gambling devices the indictment should have been laid under section 56 of the Criminal Code. It is contended that, because the

testimony shows the gambling devices to have been set up or established in a room wherein a legal business was conducted, an offense under section 55 of the code, and its amendments, was not proven. With this contention we do not agree.

In Commonwealth v. Terry et al., 9 D. & C. 768, it is pointed out that section 55 covers three distinct and separate offenses, to wit, (1) setting up or establishing gambling devices; (2) permitting persons to assemble for the purpose of gambling; and (3) leasing or renting premises for gambling purposes. In this case the defendant was discharged because the complaint charged the offense of permitting persons to assemble for the purpose of gambling, while the indictment contained a single count alleging the setting up or establishing of gambling devices.

It is to be noted that section 55 is in no way concerned with the question as to whether the defendant engages or has engaged in gambling for a livelihood, or as to his residence, or as to his habits or practices concerning gambling. It is concerned only with the setting up or establishing of such devices, with allowing persons to assemble for gambling, and with leasing or renting his premises for that purpose. It has been held that one who furnishes cards or other implements of gaming may be convicted under section 55: Commonwealth v. Carson, 6 Phila. 381. One need not be engaged in gambling as a major enterprise to be guilty of an offense under this section. One may be indicted upon an indictment under section 55 and containing the three counts as specified in Commonwealth v. Terry et al., supra, and may be convicted upon any or all of the same according to the evidence.

Section 55 was not broad enough to cover the offense of one who used gambling for a livelihood, or a gambler without a fixed residence—that is to say, the "floater" who goes from place to place preying upon the weak and unwary, oftentimes with marked cards, loaded dice or other forms of crooked gambling equipment, or even the permanent resident who is habitually addicted to the practice of gambling. Therefore, section 56 was enacted to cover these more aggravated cases—and that the legislature so regarded them is shown by the more severe penalty prescribed than is provided in section 55, as well as by the fact that section 56 provides for imprisonment by separate and solitary confinement at labor while section 55 calls merely for simple imprisonment. Section 56 may be said to contain three separate and distinct offenses, as well as section 55, to wit, (1) to keep or exhibit any gambling device or apparatus; (2) to aid, assist or permit others to do the same; and (3) to engage in gambling for a livelihood, or to be without a fixed residence and habitually engage in the practice of gambling. Likewise one may be indicted under section 56 upon an indictment containing the three counts which we have just recited. If the evidence is sufficient to show him to have engaged in gambling for a livelihood or having been without a fixed residence and habitually engaged in the practice of gambling he may be convicted upon that count even though it be not shown that he kept or exhibited gambling devices or aided, assisted or permitted others to do so. But if the evidence is not sufficient to show proof of this third count but shows him to have kept or exhibited such gambling equipment or to have aided, assisted or permitted others to do so he may still be convicted under this section. These latter provisions are included in section 56 as saving provisions in the same way as a count for receiving stolen goods is included in an indictment for larceny so that if the Commonwealth's case does not reach to the major count, the guilt of the defendant in a minor count being shown he cannot escape punishment for the established illegal act.

It is unique to discover a defendant complaining of the fact that he was not indicted for a graver crime than that for which he was indicted. Section 55

was specifically intended to cover cases parallel to the instant case wherein one conducting an honest and legitimate business as a major enterprise seeks to add to his honest income a few illegal dollars by setting up or establishing a gambling device as was done here. Section 56 was intended to cover cases where the defendant is without semblance of legitimacy in his daily endeavor but who seeks to maintain himself by habitual gaming. No doubt exists in our mind that the defendant herein was properly indicted.

And now, April 25, 1935, the motion in arrest of judgment is dismissed and defendant is directed to appear before this court on Monday, May 6, 1935, at 10 o'clock a. m., for sentence.

From Musser W. Gettig, Bellefonte.